IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAURA CHRISTINE BIER,                )
                                      )
        Plaintiff,            )
                                      )
    v.                            )  Civil Action No. 17-1525
                                      )
NANCY A. BERRYHILL,                   )
*Acting Commissioner of Social Security*,   )
                                      )
        Defendant.            )

O R D E R

AND NOW, this 19th day of March, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to find that she met the requirements of Listings 3.02 and/or 3.03, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis, and in formulating her residual functional capacity ("RFC") and the hypothetical question to the vocational expert at Steps Four and Five. Primarily, she contends that the ALJ insufficiently considered the effects of her obesity and gave too little weight to the findings of her treating physician. The Court finds no merit in Plaintiff's contentions and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff argues that the ALJ failed to provide any explicit analysis as to whether her asthma and chronic obstructive pulmonary disease ("COPD") met or equaled Listings 3.02 or 3.03, pertaining to respiratory disorders, particularly in light of her obesity. There is no question that the ALJ was required to consider the effects of Plaintiff's obesity on her other impairments, see SSR 02-1p, 2002 WL 34686281 (2002), but there is also no question that she did so here. (R. 29-30). Indeed, the ALJ considered the only effect from Plaintiff's obesity documented in the medical record, obesity-related restrictive lung disease (R. 21, 321), and still, in light of that, found that Plaintiff's pulmonary conditions did not even meet the requirements to constitute a severe impairment at Step Two. There was certainly no need after finding, in light of her obesity, that Plaintiff's asthma and COPD were not severe, to engage in a full analysis under the far-more-difficult-to-meet criteria of the Listings. Moreover, Plaintiff does not even actually allege that she meets these listings, nor does she provide any record evidence or analysis that would support that she does.

As noted, the ALJ also expressly considered Plaintiff's obesity in determining her RFC. Plaintiff further contends, though, that she also gave insufficient weight to the findings of her treating physician, Dr. Stacey Robertson. However, the ALJ clearly referenced and considered Dr. Robertson's records and findings in formulating the RFC and hypothetical question. As to the Employability Assessment Forms that Dr. Robertson completed indicating that Plaintiff was temporarily disabled, the ALJ properly gave them little weight. First, as the ALJ herself noted, it is well established that a physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner of Social Security. See 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1); Griffin v. Comm'r of Soc. Sec., 305 Fed. Appx. 886, 891 (3d Cir. 2009); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). Further, as the ALJ noted, Dr. Robertson never opined that Plaintiff was permanently disabled, and, indeed, seemed unwilling to offer such an opinion. (R. 30, 392). The ALJ also discussed Dr. Robertson's medical records and Plaintiff's treatment history in determining the proper RFC and hypothetical question, and substantial evidence supports her determination.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and that Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:	Counsel of record